**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| **MICHAEL LEE MCCRANIE** | * | |
| **ADC #151022,** | * | |
| | * | |
| Plaintiff, | * | |
| **v.** | * | No. 4:22-cv-00050-JJV |
| | * | |
| | * | |
| **TASHALIA T. DUNLAP,** | * | |
| **Correctional Sergeant, ADC** | * | |
| | * | |
| | * | |
| Defendant. | * | |

<u>**MEMORANDUM AND ORDER**</u>

**I.     INTRODUCTION**

Michael Lee McCranie ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Division of Correction ("ADC").   He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that, on November 16, 2021, Defendant Tashalia T. Dunlap used excessive force against him when she sprayed him with mace.   (Doc. 2.)

Plaintiff has filed a Motion for Injunctive Relief saying Defendant Dunlap and other guards are verbally threatening and harassing him in retaliation for filing this lawsuit.   (Doc. 7.)   Plaintiff fears the verbal harassment will become physical.   (*Id.*)   Accordingly, he seeks an immediate injunction requiring that he be transferred to another unit.   (*Id.*)   After careful consideration, the Motion is DENIED for the following reasons.

**II.     DISCUSSION**

When deciding whether to grant injunctive relief, courts must consider the following factors:   (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability

1

that the movant will succeed on the merits; and (4) the public interest.  *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).   No single factor is dispositive, but the movant must establish a threat of irreparable harm.  *Id*.   Without such a finding, a preliminary injunction should not be issued.  *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999).   "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).   The *Goff* court also addressed the district court's role in inmate applications for injunctive relief as follows:   "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' . . . '[T]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.'"  *Id*. at 520-21 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Plaintiff has not sustained his burden of showing that he is likely to succeed on the merits of his excessive force claim.   And, he has not established a threat of irreparable harm because, according to the attachments to the Motion, he has filed grievances alerting prison officials to the problem for investigation and, if necessary, appropriate action.   (Doc. 7 at 3, 4.)   Finally, a party moving for a preliminary injunction must establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).   This relationship is required because the primary purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm from occurring prior to a court's opportunity to rule on the lawsuit's merits.  *See Dataphase*, 640 F.2d at 113 n.5.   Here, the relief Plaintiff seeks, *i.e.*, transfer to another suit, is unrelated to his November 16, 2021 excessive force claim.   Thus, rather than seeking to preserve the status quo, Plaintiff is attempting

to obtain affirmative relief on an unrelated matter. *See DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (a preliminary injunction is inappropriate for dealing with matters "lying wholly outside the issues in the suit"); *Devose*, 42 F.3d at 471 (preliminary injunction denied because a prisoner's allegations of retaliation for filing the lawsuit were "new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit"). Accordingly, I conclude Plaintiff is not entitled to a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). However, I encourage Plaintiff to continue to pursue the matter through the prison grievance process.

## III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The February 16, 2022 Partial Recommended Disposition (Doc. 8) is REVOKED.

2. Plaintiff's Motion for Injunctive Relief (Doc. 7) is DENIED.

3. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 8th day of March 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3